E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7489-GHK (FFMx) | | Date | November 26, 2014 |
|---|---|---|---|---|
| Title | *Lidia Aldana, et al. v. Bank of America, N.A., et al.* | | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order Re:** Defendant Bank of America's Motion to Dismiss Case [Dkt. 8]; Defendant Everbank's Motion to Dismiss Case [Dkt. 11]

This matter is before us on the above-captioned Motions. We have considered the papers filed in support of and in opposition to the Motions and deem them appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

**I.     Procedural Background**

On February 4, 2014, Plaintiff Lidia Aldana ("Aldana") filed a complaint in California state court asserting nine claims against Defendants Bank of America ("BANA"), Everbank Savings Association ("Everbank"), and two other companies not relevant to these Motions[1] in connection with the foreclosure sale of a property. (CV 14-1646, Dkt. 1-1, at 9.) Aldana alleged violations of the Real Estate Settlement Procedure Act ("RESPA"), California Civil Code § 2937, the California Homeowner's Bill of Rights ("HOBOR"), and California's Unfair Competition Law ("UCL"), and asserted claims for intentional misrepresentation, wrongful foreclosure, cancellation of instruments, declaratory relief, and quiet title. *Id.* Everbank removed the action to federal court on March 6, and both BANA and Everbank (collectively, "Defendants") filed motions to dismiss shortly thereafter. (CV 14-1646, Dkts. 1, 6, 11.)

On May 2, 2014, we granted Defendants' motions, dismissing all of Aldana's claims. (Dkt. 21, at 10.) For most of the claims, we found Aldana had no standing to assert them because she was not the borrower of the loan at issue in her Complaint—the borrower was a woman named Lilian Dominguez ("Dominguez"). (*Id.* at 1.) We granted Aldana leave to amend her complaint within twenty-one days to substitute Dominguez as the real party in interest on the claims that might otherwise be viable and to make other changes. (*Id.* at 10; *see also* Fed. Rule Civ. P. 17(a)(3) ("The court may not dismiss an

---

[1] One of these companies, Ginnie May, was dismissed from the case two days after it was filed in state court. The other, Sage Point Lender Services, LLC, filed a declaration of non-monetary status in state court and become a nominal defendant. (CV 14-1646, Dkt. 21, at 2.)

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7489-GHK (FFMx) | | Date | November 26, 2014 |
|---|---|---|---|---|
| Title | *Lidia Aldana, et al. v. Bank of America, N.A., et al.* | | | |

action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."). Aldana filed a First Amended Complaint ("FAC") with Dominguez added, not substituted, as a plaintiff, and Everbank and BANA filed new motions to dismiss. (Dkts. 24, 26.) Before we ruled on those motions, however, Aldana and Dominguez (collectively, "Plaintiffs") voluntary dismissed the case without prejudice on June 30, 2014. (Dkt. 31.)

Two months later, on August 29, 2014, Plaintiffs filed a new suit in state court against only Bank of America and Everbank. (CV 14-1646, Dkt. 1-2, at 14.) Plaintiffs alleged violations of RESPA, California Civil Code § 2937, HOBOR, and the UCL, and asserted a claim for intentional misrepresentation. (*Id.*) Bank of America removed the case to federal court on the basis of federal question and diversity jurisdiction, and both Defendants filed the above-captioned Motions to Dismiss ("Motions") shortly thereafter. (Dkts. 8, 11.)

## II.     Factual Background

On or about October 16, 2009, Dominguez obtained a $225,091 loan secured by a Deed of Trust ("DOT") on real property located at 15515 Hornell Street, Whittier, California 90604 (the "Property"). (Compl. ¶¶ 1, 14.) The DOT named Dominguez as the borrower, Home Savings America as the lender, Western Resources Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id.*, Ex. B.) On or about March 15, 2012, Dominguez transferred title to the Property to Aldana through a grant deed. (*Id.* ¶ 13, Ex. A.) On March 20, 2012, MERS executed an Assignment of Deed of Trust ("ADT") transferring all beneficial interest under the DOT to BANA, which was recorded on April 5, 2012. (*Id.* ¶ 31, Ex. F.) On April 24, 2013, BANA executed another ADT transferring all beneficial interest under the DOT to Everbank, which was recorded on May 23, 2013. (*Id.* ¶ 35, Ex. H.)

Plaintiffs allege that Aldana made payments on Dominguez's loan without incident until February 2013, when BANA rejected her payment and informed Aldana that the loan was transferred to another servicer, Everhome, which is a division of Defendant Everbank. (*Id.* ¶ 20.) Aldana was confused because she had not received notice of the transfer from BANA. (*Id.* ¶ 18.) She then sent her payment to Everbank, but Everbank refused to accept her payment, stating that the loan was in default and that it would not accept any payments unless the loan was paid in full. (*Id.*)

Plaintiffs sought clarification about the monthly payments from BANA, and an agent told them that the payments were "suspended" and "were not applied to the balance." (*Id.* ¶ 19.) Plaintiffs then contacted Everbank for help, but Everbank offered only to restructure the loan. (*Id.* ¶ 20.) So, in June 2013, Plaintiffs applied for a loan modification with Everbank. (*Id.* ¶ 21.) Plaintiffs' point of contact for the loan modification was Carlos Juarez, and they allege that they had continuous contact with him by telephone over the next four months concerning their modification. (*Id.*)

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7489-GHK (FFMx) | Date | November 26, 2014 |
|---|---|---|---|
| Title | *Lidia Aldana, et al. v. Bank of America, N.A., et al.* | | |

On June 25, 2013, Everbank executed a Substitution of Trustee, substituting Sage Point Lender Services, LLC ("Sage Point") as trustee under the DOT. (*Id.*, Ex. J.) On July 1, 2013, Sage Point recorded a Notice of Default ("NOD"), which stated that Dominguez was in default on her loan in the amount of $12,760.23. (*Id.*, Ex. C.) Plaintiffs allege that Aldana called Everbank that day to ask why it was foreclosing on her home when she was in the process of applying for a loan modification. (*Id.* ¶ 22.) An Everbank agent advised her that the company would offer her a reinstatement agreement and that she should fax Carlos Juarez a new loan modification package. (*Id.*)

Plaintiffs submitted the completed package and continued to submit additional information as requested until they received a Notice of Trustee Sale on November 8, 2013 from Sage Point, which indicated there would be a foreclosure sale of the Property on December 16, 2013. (*Id.* ¶ 23, Ex. D.) Aldana again contacted Everbank. (*Id.* ¶ 24.) Plaintiffs allege that an Everbank agent told Aldana that the sale would be postponed and that Plaintiffs' phone number would be given to "the foreclosure attorney." (*Id.*) On December 12, 2013, Everbank sent Dominguez a letter stating that her loan modification application was complete and explained the loan modification review process. (*Id.*, Ex. E.) On January 23, 2014, the Property was sold at public auction to a third-party purchaser. (*Id.* ¶ 25.)

### III.   Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Although we must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff, we need not accept as true legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### IV.   RESPA

Plaintiffs assert that Defendants violated 12 U.S.C. § 2605 of RESPA by failing to provide them with written notice of the transfer of the servicing of her loan. Section 2605(b)(1) provides that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." *See also id.* § 2605(c)(1) (imposing same obligation on the transferee as the transferor).

####   A.   Aldana

Defendants argue that Aldana should not be able to assert a RESPA claim because she was not the actual borrower of the loan at issue and thus lacks standing. We so held in the prior case, before

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7489-GHK (FFMx) | Date | November 26, 2014 |
|---|---|---|---|
| Title | *Lidia Aldana, et al. v. Bank of America, N.A., et al.* | | |

Plaintiffs voluntarily dismissed their claims. (*See* CV 14-1646, Dkt. 21, at 3 ("Plaintiff [Aldana] lacks standing to bring a RESPA claim because she was not entitled to notice pursuant to RESPA."); *see also Correa v. BAC Home Loan Servicing, LP*, 853 F. Supp. 3d 1203, 1207 (M.D. Fla. 2012) ("[A] defendant's liability in a civil action under RESPA is limited to borrowers.")). As we explained then, Aldana is not a borrower, did not assume obligations under the loan, and was not a third-party beneficiary of the DOT when Dominguez signed it. Thus, she is not able to assert a claim under RESPA. In our previous order, we granted leave for Dominguez to be substituted for Aldana as the real party in interest, not for her to be added as a second plaintiff alongside Aldana. (*See* CV 14-1646, Dkt. 21, at 3 ("[W]e GRANT leave to amend to allow Dominguez, the real party in interest, to be substituted in the current action.")

In their Opposition, Plaintiffs continue to argue that we should consider Aldana a borrower under RESPA, relying on *McGarvey v. JP Morgan Chase Bank, N.A.*, 2013 WL 5597148 (E.D. Cal. Oct. 10, 2013) and *Bennett v. Donovan*, 4 F. Supp. 3d 5 (D.D.C. Sept. 30, 2013). Neither case involves a RESPA claim or a statute comparable to section 2605. They are not persuasive authority for determining who is a "borrower" under RESPA. Courts have uniformly barred non-borrowers from asserting RESPA claims. *See, e.g.*, *Correa*, 853 F. Supp. 3d at 1207; *Stolz v. OneWest Bank*, 2012 WL 135424, at *5 (D. Or. Jan. 13, 2012) *adopted sub nom. Stolz v. OneWest Bank*, 2012 WL 1093712 (D. Or. Mar. 30, 2012); *Mashburn v. Wells Fargo Bank, NA*, WL 2940363, at *3 (W.D. Wash. July 19, 2011). Plaintiffs cite no authority to the contrary and therefore Aldana has no standing to allege a RESPA claim. Aldana's RESPA claim is **DISMISSED with prejudice**.

      **B.**     **Dominguez**

Defendants' primary argument as to Dominguez is that the Complaint does not adequately allege that any actual damages resulted from the purported RESPA violations. RESPA permits recovery only if a violation causes "actual damages." 12 U.S.C. § 2605(f)(1)(A); *see also Swanson v. EMC Mortg. Corp.*, 2009 WL 3627925, at *7 (E.D. Cal. Oct. 29, 2009) ("[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages."); *Benham v. Aurora Loan Servs.*, 2009 WL 8652917, at *3 (N.D. Cal. Oct. 1, 2009) ("Although [section 2605] does not explicitly set [] out [damages] as a pleading element, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim.").

In their Opposition, Plaintiffs argue that damages are adequately alleged as to BANA and Everbank because both companies, by their failure to give notice of the transfer, caused the loan on the Property to be improperly designated as being in default. More specifically, Plaintiffs claim that Aldana made all payments on the loan up until February 2013 when, suddenly and without notice, BANA rejected a payment and told them that Everbank would be servicing the loan from then on. (Compl. at 11; *see also id.* ¶¶ 17-18.) But when Aldana sent the mortgage payment to Everbank, Everbank *also* rejected it, now claiming that the loan was in default and that it would need to be paid in full. (*Id.* ¶ 18.) Construing the Complaint in the light most favorable to Plaintiffs, it appears that Everbank was invoking the loan's acceleration clause, which states that the lender may demand immediate payment in full of the

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7489-GHK (FFMx) | Date | November 26, 2014 |
|---|---|---|---|
| Title | *Lidia Aldana, et al. v. Bank of America, N.A., et al.* | | |

loan under certain conditions such as when the borrower fails "to pay in full any monthly payment . . . prior to or on the due date of the next monthly payment." (*Id.*, Ex. B at 4.) According to Plaintiffs, they made all their payments on time up until February 2013. The only possible missed payment that might have triggered the acceleration clause, based on these allegations, is the one Plaintiffs mistakenly made to BANA. Allegedly, by the time Plaintiffs learned that their payment went to the wrong servicer and they tried to send the payment to the correct one, it was too late. The account was past due, and Everbank invoked the acceleration clause. Plaintiffs had no means to pay the loan in full and, eventually, the Property was foreclosed on and sold. In short, the failure to give Dominguez notice allegedly caused Aldana and her to "miss" a payment, which caused the loan to be accelerated, which caused the foreclosure and sale.

Even assuming that this theory of damages is adequately pled,[1] it is not enough to plausibly show that *Dominguez* suffered damages as result of the lack of notice. Dominguez transferred title to the Property to Aldana in 2012. Thus, she suffered no direct economic loss when Everbank foreclosed on the Property. There are hints in the Complaint that Dominguez may have been injured by the foreclosure. Despite the title transfer from Dominguez to Aldana, the Property is still sometimes referred to as "their" home. (*See, e.g.*, Compl. ¶¶ 27-28.) But there are no facts alleged that explain what interest Dominguez currently has, if any, in the Property. The Complaint also alleges emotional damages to Dominguez in the form of "mental and physical anguish." But there are no facts explaining what connects the foreclosure to her alleged injury.[2] It is not clear that Dominguez is necessarily unable to allege facts that would show she suffered damages. Dominguez's RESPA claim is **DISMISSED without prejudice and with leave to amend.**

    V.     **HOLA Preemption**

Everbank argues that Plaintiffs' three state law claims, for violations of California Civil Code Section 2937, the HOBOR, and the UCL, are all preempted by the Home Owner's Loan Act ("HOLA"), 12 U.S.C. §§ 1461, *et seq.*, and the implementing regulations promulgated by the Office of Thrift Supervision ("OTS"). *See* 12 C.F.R. §§ 560.2(b)(9), (10). In 2011, the Dodd-Frank Wall Street Reform and Consumer Protection Act eliminated the OTS, transferred oversight of federal savings associations to the Office of the Comptroller of the Currency, and significantly altered the approach to preemption analysis under HOLA. *See Settle v. World Sav. Bank, F.S.B.*, 2012 WL 1026103, at *13 (C.D. Cal. Jan. 11, 2012); *Higley v. Flagstar Bank, FSB*, 910 F. Supp. 2d 1249, 1256 n.5 (D. Or. 2012). Because the

---

[1] Though Plaintiffs claim that Everbank refused to accept anything less than the full amount of the debt, the NOD attached to the Complaint shows that Plaintiffs could have cured their default by paying $12,760.23 in June 2013. (Compl., Ex. C.) The Plaintiffs do not address this discrepancy between their allegations and the NOD.

[2] There is some difference of opinion among courts over whether emotional damages are even cognizable under section 2605. *See Skaggs v. HSBC Bank USA, N.A.*, 2011 WL 3861373, at *16 (D. Haw. Aug. 31, 2011) (discussing split among courts and citing cases). We need not resolve this issue at this time.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7489-GHK (FFMx) | Date | November 26, 2014 |
|---|---|---|---|
| Title | *Lidia Aldana, et al. v. Bank of America, N.A., et al.* | | |

change to preemption was not retroactive, the DOT that Dominguez signed in 2009 is still governed by OTS preemption regulations. *Settle*, 2012 WL 1026103, at *13; *Higley*, 910 F. Supp. 2d at 1256 n.5.

In promulgating regulations under HOLA, the OTS made clear that it "occupie[d] the entire field of lending regulation for federal savings associations," leaving no room for conflicting state laws. 12 C.F.R. § 560.2(a). Everbank is a federal savings association, and the DOT was originated by a federal savings association. (*See* Dkt. 12, RJN, Ex. 3; Compl. ¶ 14, Ex. B.) OTS provided a non-exhaustive list of types of state laws that are expressly preempted when applied to federal savings associations. 12 C.F.R. § 560.2(b). The most relevant for Everbank's Motion was the explicit preemption of state laws that impose any requirements regarding "[p]rocessing, origination, *servicing*, sale or purchase of, or investment or participation in, mortgages." *Id.* § 560.2(b)(10)(emphasis added)

The analytical framework for determining whether a state law is preempted by OTS regulations is as follows:

> [T]he first step will be to determine whether the type of law in question is listed [in 12 C.F.R. § 560.2 (b)]. If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

*Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008) (citations omitted). In this case, we need not proceed beyond the first step because the state laws at issue are all types of laws that involve servicing of mortgages.

California Civil Code § 2937 undoubtedly relates to servicing. Section 2937 requires servicers, or "servicing agents," to give notice to borrowers when their loans are transferred to another servicer. Cal. Civ. Code § 2937(b). The very fact that the law is directed specifically at servicers/servicing agents and those handling the "servicing of indebtedness" makes it clear that it imposes requirements regarding "servicing." Accordingly, the section 2937 claim is preempted.

Everbank also claims that Plaintiffs' HOBOR claim is preempted. Plaintiffs allege that Everbank violated the HOBOR restriction on dual track foreclosure, which prohibits the recordation of a notice of default after a borrower submits a completed loan modification until certain steps have been taken to respond to the application. *See* Cal. Civ. Code § 2923.6(c). Plaintiffs also allege that Everbank failed to provide a "single point of contact" (section 2923.7) and to verify documents used in the foreclosure (section 2924.17). Everbank does not cite any cases which conclude that these specific statutes are preempted, but it does cite cases which conclude that section 2924 is preempted. *See Metzger v. Wells Fargo Bank, N.A.*, 2014 WL 1689278, at *5 (C.D. Cal. April 28, 2014); *Terrazas v. Wells Fargo Bank, N.A.*, 2013 WL 5774120, at *5 (S.D. Cal. Oct. 24, 2013). Section 2924 prohibits

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7489-GHK (FFMx) | Date | November 26, 2014 |
|---|---|---|---|
| Title | *Lidia Aldana, et al. v. Bank of America, N.A., et al.* | | |

anyone except the holder of a beneficial interest in a mortgage or deed of trust from foreclosing on a property. Thus, section 2924 is analogous to the HOBOR claims at issue in that both relate to the manner in which federal savings associations may go about foreclosing on a property when they are acting as a servicer. *Terrazas*, 2013 WL 5774120, at *5 (finding that an allegation that defendant was not the owner of the note and therefore could not foreclose "relate[s] to the actions of the originator of the loan and its successor entities in 'servicing' the mortgage"); *Ahmed v. Wells Fargo Bank & Co.*, 2011 WL 1751415, *3 (N.D. Cal. May 9, 2011) (finding causes of action preempted by HOLA because they were "predicated upon alleged improprieties in the foreclosure procedure used by defendants and therefore affect lending because they involve the processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages"). Based on the foregoing, we conclude that section 2937 claims are preempted because they relate to servicing and therefore fall under 12 C.F.R. § 560.2(b)(10).

Finally, Everbank claims that Plaintiffs' UCL claim is preempted as well. This conclusion flows naturally from the determination that the HOBOR claim is preempted because Plaintiffs' UCL claim is based on the same allegations of dual track foreclosure, failure to provide a single point of contact, failure to verify foreclosure documents, and other alleged unlawful conduct during the foreclosure process.[3] (Compl. ¶ 37.) Since HOLA preempts these claims when raised directly against Everbank, they must also be preempted when raised through the UCL. *Silvas*, 514 F.3d at 1006; *Metzger*, 2014 WL 1689278, at *8.

Accordingly, Plaintiff's state law claims asserted against Everbank are all preempted and therefore **DISMISSED with prejudice**.

### VI. California Civil Code § 2937 against BANA

As already discussed, California Civil Code § 2937 requires servicers to give notice to borrowers when their loans are transferred to another servicer—similar to section 2605 of RESPA. As with the RESPA claim, Aldana has no standing because she is not a borrower. We stated as much in our ruling in the previous case. (*See* CV 14-1646, Dkt. 21, at 5 ("[A]s with her RESPA claim, Plaintiff lacks standing to assert a claim under section 2937.")) The cases that Plaintiffs cite in support of their argument that she is a borrower under RESPA are no more convincing in the context of section 2937. Neither *McGarvey*, 2013 WL 5597148, nor *Bennett*, 4 F. Supp. 3d 5, involves a section 2937 claim. Nor is Plaintiffs' argument that Aldana qualifies as a "subsequent obligor" under 2937 convincing. There are no facts alleged that Aldana assumed obligations under the loan and the fact that she was using the property and making payments on the loan does not make her an obligor under the loan. Accordingly, Aldana has no standing to allege a section 2937 claim. Her claim is **DISMISSED with prejudice**.

---

[3] Plaintiffs also briefly mention improper securitization as a basis for the UCL claim. As we noted in our prior Order, improper securitization of a debt does not make a loan unenforceable. (CV 14-1646, Dkt. 21 (citing cases).) Thus, Plaintiffs could not suffer an injury from improper securitization that could serve as a basis for a UCL claim. *See* Cal. Bus. & Prof. Code § 17204 (limiting standing under the UCL to persons who "lost money or property as a result of the unfair competition.").

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7489-GHK (FFMx) | Date | November 26, 2014 |
|---|---|---|---|
| Title | *Lidia Aldana, et al. v. Bank of America, N.A., et al.* | | |

As for Dominguez, her claim under section 2937 fails for the same reason as her RESPA claim. She has not adequately pled that she suffered any damages resulting from the lack of notice. Dominguez's claim is **DISMISSED without prejudice and with leave to amend**.

### VII.   Intentional Misrepresentation against BANA

To state a claim for intentional misrepresentation, Plaintiffs must plead "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995). Intentional misrepresentation is a species of fraud and therefore subject to Rule 9(b)'s heightened pleading requirement. *See Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). Rule 9(b) requires Plaintiffs to state with particularity "specific facts setting forth the circumstances which constitute the fraud." *Whalen v. BDR Termea*, 2011 WL 6182329, at *9 (N.D. Cal. Dec. 13, 2011). This means the Plaintiffs must allege the "who, what, when, where and how" supporting their intentional misrepresentation claim. *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Even though Plaintiffs' intentional misrepresentation claim is asserted against BANA, every allegation that forms the basis for the intentional misrepresentation claim concerns things that Everbank supposedly said, not BANA. This appears to have happened because Plaintiffs did not revise their Complaint adequately after it was dismissed the last time. In the previous case, we dismissed Aldana's intentional misrepresentation claim as to Everbank with prejudice, but we gave her leave to amend to allege certain misrepresentations by BANA that she had alluded to in her moving papers (but had failed to plead in the Complaint). (CV 14-1646, Dkt. 21, at 4.) Plaintiffs did not do that. Instead, they left all the allegations the same in the Complaint but just changed the defendant against whom their claim was asserted. (*Compare* CV 14-1646, Dkt. 1-1, at 24-25 *with* CV 14-7489, Dkt. 1-2, at 29-30.) Plainly, allegations concerning representations made by Everbank do not entitle Plaintiffs to relief against BANA under Rule 9(b)'s heightened pleading standards. BANA points out as much, and Plaintiffs do not respond to the argument in the Opposition except to vaguely claim that BANA misrepresented "its authority to service the loan." (Opp. at 8.) But Plaintiffs' own allegations state that BANA told Aldana it was no longer her servicer and that the company never claimed otherwise. Plaintiffs' intentional misrepresentation is **DISMISSED with prejudice**.

### VIII.   UCL against BANA

The UCL broadly prohibits unlawful, unfair, and fraudulent business acts. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998). Unlawful business practices are "anything that can properly be called a business practice and that at the same time is forbidden by law." *Nat'l Rural Telecommc'ns Coop. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1074 (C.D. Cal. 2003). An unfair business practice is one "that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel.*

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7489-GHK (FFMx) | Date | November 26, 2014 |
|---|---|---|---|
| Title | *Lidia Aldana, et al. v. Bank of America, N.A., et al.* | | |

*Co.*, 20 Cal 4th 163, 187 (Cal. 1999). Finally, fraudulent business practices are ones where members of the public are likely to be deceived. *Comm. on Children's Television v. Gen. Foods Corp.*, 35 Cal. 3d 197, 214 (1983).

Plaintiffs' UCL claim is mostly premised on the alleged HOBOR violations discussed above. Therefore, the UCL claim is preempted as applied to Everhome, and can be asserted against only BANA. But the claim fails against BANA as well because BANA did not take part in any of the conduct giving rise to the alleged HOBOR violations. BANA was no longer servicing the loan on the Property when Plaintiffs sought a loan modification or when their home was foreclosed on. Accordingly, it cannot be liable for violations of the ban on dual track foreclosure or for failing to assign a single point of contact for the loan modification.

Aside from HOBOR, Plaintiffs also allege, as a basis for their UCL claim, that BANA violated California Civil Code § 1095. Section 1095 prohibits an attorney from executing an instrument to transfer real property without identifying her principal. We ruled in the previous case that there were no allegations suggesting that a violation like this occurred. (CV 14-01646, Dkt. 21, at 9.) That is still the case. Nowhere in the Complaint is there any reference to any attorney executing a transfer of property without identifying the principal. Plaintiffs also vaguely accuse BANA of "executing and recording false and misleading documents" and "executing and recording documents without the legal authority to do so." But it is not clear what documents they are referring to or what harm was caused by these alleged acts.

Plaintiffs have not adequately alleged a basis for their UCL claim against BANA and it does not appear that they will be able to since the UCL claim was largely premised on conduct by Everbank, not BANA. Accordingly, the UCL claim is **DISMISSED with prejudice**.

### X.    CONCLUSION

Based on the foregoing, Defendants' Motions to Dismiss the Case are **GRANTED**. We rule as follows:

- Aldana's RESPA claim is **DISMISSED with prejudice** as to both Defendants. Dominguez's RESPA claim is **DISMISSED without prejudice and with leave to amend** as to both Defendants.

- Aldana's California Civil Code § 2937 claim is **DISMISSED with prejudice** as to both Defendants. Dominguez's California Civil Code § 2937 claim is **DISMISSED without prejudice and with leave to amend** as to BANA and **with prejudice** as to Everbank.

- Plaintiffs' HOBOR claim is **DISMISSED with prejudice** as to Everbank.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7489-GHK (FFMx) | Date | November 26, 2014 |
|---|---|---|---|
| Title | *Lidia Aldana, et al. v. Bank of America, N.A., et al.* | | |

- Plaintiffs' Intentional Misrepresentation claim is **DISMISSED with prejudice** as to BANA.

- Plaintiffs' UCL claim is **DISMISSED with prejudice** as to both Defendants.

Should Dominguez elect to file a First Amended Complaint ("FAC"), she **SHALL** do so within **30 days hereof** in compliance with this Order. Dominguez's failure to file a FAC will be deemed her admission that amendment is futile, and, in that event, this action will be dismissed with prejudice in its entirety. If Dominguez files a FAC, Defendants **SHALL** respond to it within **30 days thereafter**.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Deputy Clerk | | Bea |